## BURR *a*. BIGLER.

*Supreme Court, First District; General Term, May,* 1863.

Parties.—Estoppel.—Res Judicata.—Amending Docket of Judgment.—Assignees and Trustees.

The term "parties," in the sense of the rule which renders a prior judgment conclusive upon those who sustain the character, is not restricted to those who are parties on the record; it includes all who have a direct interest in the subject-matter of the suit, and a right to make a defence, or control the proceedings.

Thus, where assignees succeeding to the real estate of a judgment-debtor had information of a motion made to correct the docket of the judgment, so as to give it effect by relation back to a time anterior to the assignment, and they neglected to present their rights to the court;—*Held*, that they were bound by the decision granting the motion.

It is the right and the duty of assignees and trustees, to interpose on being informed of proceedings affecting their title to the trust-estate ; and on failure to do so, they are concluded by the determination made in such proceedings.

Appeal from a judgment.

This action was by Henry A. Burr and William H. Riblet, assignees of George Colyer and Thomas Dugard, against James Bigler for certain equitable relief, and to remove a cloud on plaintiffs' title to a tract of land, and to certain water-rights in the neighborhood of Eleventh Avenue and Twenty-seventh Street, New York city.

The defendant recovered a judgment in the Supreme Court against George Colyer and Thomas Dugard for $3,116.68, which judgment was entered and docketed in the county of Orange, where the judgment-roll was filed, on the 2d day of October, 1857.

A transcript of the judgment was on the same day sent to the clerk of the city and county of New York, which was marked as received and filed, and was docketed, as of the 5th day of October, 1857, at 9 A. M.

On the 3d day of October, 1857, after the hour of 10 A. M., the judgment-debtors, Colyer and Dugard, executed and delivered to the plaintiffs an assignment of all their property for the benefit of their creditors, without preferences.

On the 5th of July, 1859, an order was made by a justice of this court, at special term, that the transcript of said judgment be marked and indorsed by the clerk of the city and county of New York, as filed on the 3d day of October, 1857, at 10 A. M., instead of October 5, 1857, at 9 A. M. ; and that the docket of said judgment in his office be amended and corrected, so as to show that such judgment was docketed, by filing said transcript on the 3d day of October, 1857, at 10 A. M., instead of October 5, 1857, at 9 A. M.

The judgment-debtors, Colyer and Dugard, owned certain real estate in the city of New York, which passed under their assignment to the plaintiffs, on which the judgment, by reason of such change or correction of the docket, became a lien, if the order directing such change or correction of the docket was valid as to the plaintiffs as such assignees.

The judgment-debtors appealed from the order made at

special term, but the order was affirmed at general term, with costs. They then appealed to the Court of Appeals, but this latter appeal was dismissed, with costs.

The plaintiffs were not parties to the motion in or on which the order at special term was made; nor were they parties to either of the appeals; but they were aware of the motion and of the appeals, and conferred with the counsel engaged in the matter, in respect to such appeals.

The defendant having issued an execution on his judgment to the sheriff of the city and county of New York, subsequent to such change or correction of the docket, commanding him to sell all the right, title, &c., which Colyer and Dugard had on the 3d day of October, 1857, at 10 A. M., or at any time thereafter, this action was brought to have the lien of the judgment set aside, and to restrain proceedings under the execution.

The complaint was dismissed at special term, and from the judgment of the special term dismissing the complaint, the plaintiffs appealed to the general term.

*Alexander C. M. Pennington,* for the appellants.—I. The lien of a judgment on lands in this State is not a common-law right, and the statutes giving it ought to be construed strictly as against the party claiming it. The defendant's judgment, then, did not take effect as a lien on the real estate in question till it was actually docketed in New York. (3 *Rev. Stat.,* 637, § 4; *Ib.,* 638, 9, § 11; *Ib.,* 639, §§ 13, 17; *Ib.,* 646, § 38; *Code,* 545, § 282; *Ib.,* 547, § 287.) The actual docketing of the judgment in the county where the lands lie, is essential to the creation of the lien. (Buchan *a.* Sumner, 2 *Barb. Ch.,* 194; Porter *a.* Williams, 12 *How. Pr.,* 114; Blydenburgh *a.* Northrup, 13 *Ib.,* 290; Stoutenburgh *a.* Vanderburg, 7 *Ib.,* 229.) Clark *a.* Dakin (2 *Barb. Ch.,* 36), is not authority on this point, as the law now stands. If it is, it does not apply to the case of these plaintiffs, as assignees of the interest of the defendants in the judgment in question.

II. The defendant's judgment never took effect as a lien on the real estate in question: the persons against whom the judgment was recovered, did not have the real estate in question at the time of the docketing.

III. The assignment operated wholly to devest Colyer and Dugard of the real estate in question, and wholly to vest the same in the plaintiffs. In this State, an assignment in trust, for the benefit of creditors, with or without preferences, is valid, and operates to transfer and vest the assigned estate ; and is deemed to have a sufficient, and good, and valuable consideration to support it. The assent of creditors is not essential to its validity, nor is it revocable by the assignors, nor can it be annulled or surrendered by the assignees. (*Burrill on Assignments*, 220, 308, 418 ; Cunningham *a*. Freeborn, 11 *Wend*., 240, 250 ; Dey *a*. Dunham, 2 *Johns. Ch*., 529, 552 ; 2 *Kent's Com*., 725, 729.)

IV. The assignment is not fraudulent, but is *bona fide*. 1. It is not obnoxious, on the face of it, to any legal objection. 2. Nor is any fraud imputable to the plaintiffs, or to Colyer and Dugard, in making the assignment. Chancellor Kent has expressly held that such an assignment is *bona fide*, and that the *bona fides* of it consist in the fact that it is an act of duty attached to the character of the assignor, as a debtor, to make his estate available equally for the whole body of his creditors. (Dey *a*. Dunham, 2 *Johns. Ch*., 188 ; *Burrill on Assignments*, 6, 17, 19.)

V. A judgment in this State does not affect lands, nor have a preference as against other judgment-creditors, purchasers, or mortgagees, until the record thereof is filed and docketed as directed by the statute. (3 *Rev. Stat*., 5 ed., 607, § 11.) A judgment, therefore, as it respects lands, is utterly ineffectual till it is docketed in the proper county. The plaintiffs are expressly protected as purchasers. A "purchaser" is strictly a person who derives title by conveyance, and acquisition by conveyance is a "purchase." (2 *Burrill's Law Dict*., 842 ; 3 *Rev. Stat*., 5 ed., 59, § 69.) The creditors under the assignment, represented by the plaintiffs, are equal with the defendant in the legality, justice, and equity of their demands. The assignment may be regarded, in some sense, as a mortgage, being a security or provision for a debt, and involving a resulting interest to the grantor on a certain contingency. This affinity has been noticed and acted on in several cases. (*Burrill on Assignments*, 32.) An assignment is to be of the nature of an execution for creditors, where there is no bankrupt law. (2 *Kent's Com*., 725.)

VI. The defendant has not acquired any equitable, as dis-
tinguished from a legal lien, which entitles him to sell the
premises in question. 1. In cases of this kind equity follows
the law, and there being no legal lien, there is no equitable
lien. (Buchan *a.* Sumner, 2 *Barb. Ch.*, 194; Douglas *a.* Hus-
ton, 6 *Ohio*, 162; Mower *a.* Kipp, 6 *Paige*, 88; Landon *a.*
Ferguson, 3 *Russ Ch.*, 349; Braithwaite *a.* Watts, 2 *Comp. &
Jerv.*, 315.) 2. If it be considered that the defendant acquired
a right to have the docket amended, this right was a legal
right, and not an equitable, as distinguished from a legal right.
The court did not determine, nor intend to determine, the ques-
tion of the right of lien, whether regarded as legal or equitable
as to any party, but only the mere question as to the legal right
of amendment as between the defendant and Colyer and Dugard.
3. This theory of an equitable lien derives no support from the
right secured to a judgment-creditor, on the return of an execu-
tion against property unsatisfied, either under the old creditor's
bill or supplementary proceedings under the Code; no such
lien was created under the former, nor is any lien created under
the latter, till the actual commencement of proceedings to en-
force the right. Under the latter, this equitable lien is limited
to equitable assets, until a receiver is appointed, or an order
is made directing the application of property subject to levy
towards the satisfaction of the judgment. (Porter *a.* Williams,
5 *How. Pr.*, 443; and see 12 *Ib.*, 114.) 4. Nor were the
premises in question, in the sense of the law, equitable assets.
There was no concealment of the property, so as to make equita-
ble aid necessary to reach it. Under a supplementary proceed-
ing, in a case in which an assignment for the benefit of creditors
has been made by the judgment-debtor while an execution is
outstanding against his property, and the execution was re-
turned without a levy, the assignment is good against the judg-
ment-creditor. (Watson *a.* Lathrop, 4 *Sandf.*, 700.) There are
several cases which may seem to sustain an opposite doctrine,
but they in fact do not. (Haggerty *a.* Palmer, 6 *Johns. Ch.*,
437; Matter of Howe, 1 *Paige*, 125; Dickson *a.* Tillinghast, 4
*Ib.*, 215; Slade *a.* Van Vechten, 11 *Ib.*, 21.) The doctrine
fairly deducible from all the cases is, that where there is an
actual, clear, and recognized lien, either legal or equitable, sub-
sisting at the time of the conveyance, the purchaser must be

such *bona fide*, and for a valuable consideration paid at the time of the conveyance; but that where there is no such lien actually subsisting at the time of the conveyance, the purchaser, if the conveyance be not fraudulent, need not have paid a consideration at the time of the conveyance, and that an assignee under a general assignment in trust for the benefit of creditors without preference is entitled to hold. If neither of two parties, having equities, has a legal right, the maxim, *qui prior est in tempore potior est in jure*, applies to their respective equities; and if their equities are equal in point of time, as in other respects, the party who has the legal right will prevail. (Covill *a.* Tradesmen's Bank, 1 *Paige*, 131.) The defendant acquired no lien as against the plaintiffs by virtue of the amendment. 1. If he did, it is because the amendment, *per se*, had the effect, by retroaction, absolutely to create a lien where there was none. The amendment, *per se*, had no such effect, as against the plaintiffs. 2. The court had no power to amend the docket, nor to direct the docketing, *nunc pro tunc*, as against the plaintiffs. (Chichester *a.* Cande, 3 *Cow.*, 39; Butler *a.* Lewis, 10 *Wend.*, 542; Hart *a.* Reynolds, 3 *Cow.*, 42; Barrie *a.* Dana, 20 *Johns.*, 307; Close *a.* Gillespie, *Ib.*, 526.) 3. If it be considered that such an amendment may be made, under any circumstances, so as to create a lien in favor of the judgment-creditor, as against a party in the position of the plaintiffs, it can be made only on notice to the party to be so affected. (Mara *a.* Quin, 6 *Term R.*, 8.) It was conceded on the argument in the cases of Hart *a.* Reynolds, and Hunt *a.* Grant (*supra*), that this is the rule. 4. The right of amendment in this case is not *res judicata* as against the plaintiffs. (2 *Phil. Ev., Cow. & Hill's notes*, 7–9; Turpin *a.* Thomas, 2 *Hen. & Munf.*, 139, 147; Bruen *a.* Hone, 2 *Barb.*, 586; Arden *a.* Patterson, 5 *Johns. Ch.*, 52; Simpson *a.* Hart, 14 *Johns.*, 63.)

VII. The original docketing having been made on the 5th of October, it is to be presumed that the clerk did his duty, and that such docketing was made rightly and in due time.

VIII. The defendant, if he was entitled at any time to an amendment of the docket as against the plaintiffs, was too late in his application. He made no application for an amendment till nearly two years after the original docketing.

IX. If the defendant is entitled to the lien he claims, that lien should be subject to the equity of the assignees, to be first reimbursed out of the estate for their advances and expenses.

X. The judgment was once satisfied by a sale, the execution returned satisfied by the sheriff, and satisfaction entered of record in the docket; and as between the parties to this action the judgment is to be regarded as satisfied. An order that it is to give life to a defunct judgment cannot be made to the prejudice of a party in interest, who has no notice of the proceeding in which the order is made.

*Enoch L. Fancher*, for the respondent.

BY THE COURT.—SUTHERLAND, P. J.—After a very careful examination of this case, I have come to the conclusion, that the judgment of the special term must be affirmed, on the ground that the plaintiffs were bound by the order of the 5th of July, 1859, and the order of the general term, affirming that order, although they might not have been nominally or technically parties to the motion on which that order was made, or to the appeal from it to the general term. I think the plaintiffs must be deemed to have been estopped by those orders from bringing this action, and in it raising the questions which have been so elaborately and ably argued by their counsel.

The term "parties" in the sense of the rule which renders a prior judgment conclusive upon those who sustain that character is not restricted to those who are parties upon the record. (1 *Greenleaf on Ev.*, § 523; Bates *a.* Stanton, 1 *Duer*, 79.)

The term "parties" includes all who have a direct interest in the subject-matter of the suit, and a right to make a defence or control the proceedings. (Monro *a.* Delavan, 26 *Barb.*, 16; *Howell's State Tri.*, 538; *Dowl.*, 228, and authorities before cited.)

The plaintiffs, as assignees succeeding to the real estate to be affected by the order, as such had a direct interest in the motion, and a right to be heard in opposition to it, and I think a right to appeal from the order. They knew that the motion was to be made, and consulted counsel about it; and if they were not heard in opposition to the motion, it must be presumed that they would have been heard, if they had appeared and

asked to be heard. I think it may be said that it was their duty, as assignees and mere trustees, to appear and oppose the motion. If they were advised, upon consulting counsel, that not being parties to the motion they would not be bound by the order made in it, I think, under the circumstances, they were wrongly advised.

My conclusion is, that the judgment of the special term should be affirmed, but, under the circumstances, without costs.

CLERKE, J., concurred.

INGRAHAM, J., expressed no opinion.