## BOWEN vs. FENNER.

Possession under a general, or even a gratuitous, bailment is sufficient evidence of title to enable the bailee to maintain trover against a stranger who intermeddles with the property.

The defendant, under pretense that he wanted the plaintiff to do his threshing, induced him to move his threshing machine into the defendant's barn. He then claimed the wheels upon which it was transported, but which belonged to a wagon that the plaintiff had borrowed for the season, to use with the machine. The jury having found against his right to detain the wheels; *held* that he was guilty of a conversion of the machine, as well as of the wheels. MULLIN, J. dissented.

The wrongful detention of the wheels brought upon the plaintiff a charge in respect to the machine; for it compelled him to leave it at the defendant's barn until he could procure other wheels to take it away. This, of itself, was a conversion of the machine. *Per* MORGAN, J.

ACTION to recover the value of a threshing machine and one set of two horse wagon wheels. It was tried before ALLEN, J. at the Onondaga circuit, in May, 1863. The plaintiff gave evidence at the trial tending to prove that he bought a threshing machine of Seymour Glass, in August, 1862, and at the same time borrowed of Glass his wagon wheels, which were in use with the machine; Glass telling him he could have the use of the wheels until after the season of threshing, if the plaintiff would buy the machine. The wheels were to be taken to the defendant's after the season was over, and left there for Glass, who was the son-in-law of the defendant. The plaintiff made arrangements to thresh for the defendant, and went there with the machine for that purpose. The defendant claimed that the bargain was that the wheels went only as long as Wheeler, (a hired man,) went, and Wheeler had been discharged. Considerable evidence was given on both sides, as to the terms of the agreement between Glass and the plaintiff, as to how long the plaintiff was to have the use of the wheels.

Doran Sayles testified as follows: "I was at the defendant's barn, backed the machine into the barn. I worked for the plaintiff and brought the machine there. Put out the

team and fixed to go to work. Defendant put the post in. Defendant said we could not thresh for him and might go away. He said I could not take the wheels, but we might take the machine. He said the wheels quit when Wheeler quit. Could use other wheels if the right length of hub. Those wheels not made for the machine but for another wagon. Defendant said I could take away all but the wheels. He said the wheels were to go only as long as Wheeler went." The defendant testified that he was father-in-law of Glass, and that Glass told him that he had sold the machine to the plaintiff, and that the plaintiff was to use the wheels as long as Wheeler remained in the plaintiff's employ in charge of them. He then proceeded as follows : " When they came with the machine I told them where to put it ; I put the stud in ; told them they could not thresh for me. I said I had got the wheels in my possession. I said I would take charge of my property and the property of Glass, as Glass had told me. I told them they could have the machine and all that belonged to it, but they could not have the wheels."

At the close of the evidence, the judge charged the jury that if the plaintiff was entitled to the wheels during the threshing season, to be used with the machine, and they were necessary to the machine and to its use, and the defendant by artifice got the machine with the wheels into his possession and within his power, and then prevented the plaintiff from taking the machine off with the wheels, the defendant was liable as for a conversion of the machine. The defendant excepted, and requested the court to charge that upon the evidence in this case the plaintiff could only recover for the value of the wheels. The court refused so to charge, and the defendant excepted. The jury found a verdict for the plaintiff, for the value of the wheels and the machine.

Judgment having been entered up for the plaintiff, in pursuance of the verdict, the defendant appealed to the general term.

Bowen *v.* Fenner.

*D. Pratt,* for the appellant.

*Charles Andrews,* for the respondent.

MORGAN, J.   The evidence fully justified the jury in coming to the conclusion that the plaintiff was entitled to the use of the wheels at the time of the alleged conversion of the threshing machine by the defendant; and the question was fairly submitted to them by the judge.   Assuming this fact therefore as sufficiently established, the only question that remains to be considered is, whether the conversion of the wheels was a conversion of the threshing machine; for it is too well settled to admit of question that possession under a general bailment, or even a gratuitous bailment, is sufficient evidence of title to entitle the bailee to maintain an action of trover against a stranger who intermeddles with the property. (*Burton* v. *Hough,* 6 *Mod.* 334. *Roberts* v. *Wyatt,* 2 *Taunt.* 268. *Saunders on Pl. and Ev.* 1151.)   This being so, it necessarily follows that the defendant was guilty of a conversion of the wheels.   The learned judge charged the jury that if the plaintiff was entitled to the wheels during the threshing season, to be used with the machine, and they were necessary to the machine and to its use, and the defendant by artifice got the machine with the wheels into his possession and within his power, and then prevented the plaintiff from taking the machine off with the wheels, the defendant was liable as for a conversion of the machine.   To this proposition there was an exception.   The defendant's counsel then requested the judge to charge the jury that upon the evidence in this case, the plaintiff could only recover for the value of the wheels.   The judge declined so to charge, and the defendant's counsel excepted.   It will be necessary, therefore, to examine the evidence in order to dispose of these exceptions.

The plaintiff owned the threshing machine, and borrowed the wheels of one Glass to transport it from place to place. The wheels belonged to a wagon and not to the threshing

machine, but were necessary in order to move the machine from place to place. The defendant was the father-in-law of Glass, and the wheels were to be left with him after the season for threshing was over. The defendant sent for the plaintiff to do his threshing, and after the machine was drawn, upon these wheels, into his barn, he notified the plaintiff that he did not want him to do his threshing, and that he should keep the wheels for his son-in-law, but that the plaintiff might take away his machine without the wheels. The pretense was, that Glass had only loaned the wheels so long as one Wheeler should continue in charge of the machine, and that the plaintiff had discharged him before this time. (This pretense was negatived by the verdict of the jury.) The plaintiff was therefore under the necessity of leaving his machine on the defendant's premises until he could procure other wheels to carry it away. Instead of doing so, he brought this action to recover its value.

It is argued by the defendant's counsel that this was not a conversion of the threshing machine, but at most it was only a conversion of the wheels ; and he cites authorities to show that the plaintiff must prove that the defendant wrongfully converted the machine, before he can recover its value. While these authorities doubtless prove the proposition for which they are cited, they fail to show that the wrongful detention of the wheels was not also a wrongful detention of the threshing machine. It was said by Holt, Ch. J. in *Baldwin* v. *Cole*, (6 *Mod.* 212,) that whoever detains another man's goods, without cause, takes upon himself the right of disposing of them. And this is cited with approbation in the elementary books as sufficient evidence of *conversion*. (*Saunders on Pl. and Ev.* 1158.) The wrongful detention of the wheels brought a charge upon the plaintiff in respect to the threshing machine : for it compelled him to leave it there until he could procure other wheels to take it away. This of itself was a *conversion*, according to the case of *Syeds* v. *Hay*, (4 *Durn. & East*, 260.) The intent of the defendant, not to deprive

the plaintiff of the machine, but only of the wheels, is imma-
terial; for though the defendant acted under a supposition
that he was justified in what he did, he will be equally liable.
(4 *M. & S.* 260. *Saunders on Pl. and Ev.* 1158.)   It having
been established by the verdict of the jury that the defendant
had no right to detain the wheels, the charge of the judge
was more favorable to the defendant than he had a right to
claim; for the action was sustained without reference to the
deception practiced by him to obtain possession of the prop-
erty.   It is unquestionably a conversion for a man wrongfully
to stop a wagon on the highway, or to detain it before his
own door, by taking off a wheel, under pretense that he or
somebody else has a right to it.   So, if he wrongfully detaches
a horse from a wagon and takes the horse away, but leaves
the wagon at a place where it will bring an additional charge
upon the plaintiff, it is undoubtedly a conversion of both.
However temporary the conversion may have been, it will
suffice to render the defendant liable, (*Saunders on Pl. and
Ev.* 1156,) for a conversion that has once taken place cannot
be cured.   (*Id.*)

In my opinion the conversion was proved by the wrongful
detention of the wheels, under the circumstances disclosed in
the evidence, without regard to the artifice practiced by the
defendant to get the property into his possession.   But the
judge alluded to that in his charge, as one of the elements to
make out a conversion of the property in this case; and as
there was evidence from which the jury had a right to infer
that the defendant was guilty of fraud in obtaining the pos-
session, it may be well to remark that this was proper evidence
to be submitted to the jury, although not necessary to estab-
lish the *conversion* in this particular case.   It is unnecessary
to decide whether the defendant would be held guilty of a
conversion upon such evidence alone.   (*See Saunders on Pl.
and Ev.* 1157, *citing* 7 *Taunton*, 59; 1 *B. & C.* 514.)

In any view of the case, there was but one question neces-
sary to be submitted to the jury, and about which there could

be any dispute; and that was whether the bailment was terminated when the defendant took possession of the wheels. That was fairly submitted, and the jury having found against the defendant on that point, there was nothing left upon which he could claim a verdict.

The exceptions must be overruled, and the judgment affirmed.

ALLEN, J. There was evidence from the defendant himself that he induced the plaintiff to take the machine to his house under the pretense that he wanted him to do his threshing, solely for the purpose of getting the wheels upon his premises and under his control and retaining them in his possession, and depriving the plaintiff of their use, and that having gotten the machine, on the wheels, in his barn, he did claim and exercise the right to retain the wheels as the property of Glass. This, as to the wheels, was such an act of dominion and control in hostility to the claim of the plaintiff, accompanied as it was with a refusal to suffer the plaintiff to take the wheels or use them for any purpose, as to lay the foundation for an action of trover, if the plaintiff, either as general or special owner, was entitled to the possession of them. (*Fouldes* v. *Willoughby*, 8 *Mee. & Wels.* 540.) This is not disputed by the defendant. There was evidence for the jury that the plaintiff had the right to the use of the wheels with the machine till he got through threshing, that fall; that he had paid $175 " for the machine, horse power, belts, saw and use of wheels," and the verdict of the jury sustains the claim of the plaintiff, to this extent. Threshing machines are used by and made profitable to the owners by being taken from place to place wherever employment in threshing is tendered and can be had; and they are placed and remain on wheels while being used, and this is for the convenience of threshing and transporting. This is the testimony of the defendant's witness or principal, Glass. The evidence also was that these wheels were not made for and

did not belong to the machine, but were a part of a wagon owned by Glass, but they fitted the machine and were used with it, and *pro hac vice*, constituted a part of it. It was also proved that any other wheels with hubs of the right length would have answered equally well. This is only saying what would be true of any vehicle used with wheels, that any wheels that will fit the axle will answer all the purposes of those designed and made for it. The same is true of the different parts of any, even the most complicated, machinery. Still it would not, I think, be any defense to an action of trover for a wagon, that although the defendant had wrongfully taken and converted the wheels, the injured party could fit other wheels to it. It would be the exercise of dominion over a constituent part of an entire thing, which, as it deprived the owner of the use and enjoyment of the whole, would subject the wrongdoer to the same action for the whole which would lie for the part over which he exercised dominion.

Here the plaintiff could only possess himself of his machine and remove it from the defendant's premises and possession by incurring an expense and after a delay and loss of time to which the defendant could not by his wrongful act subject him. The defendant cannot ask the plaintiff, in order to relieve him from the consequences of his wrongful act, to step aside or incur a shilling of expense. The plaintiff may test his right to the property in the condition in which the defendant has placed it.

The case is within the principle laid down by Buller, J. in the case of *Syeds* v. *Hay*, (4 *T. R.* 260.) Landing goods upon a wharf, against the orders of the owner, by reason whereof the latter was subjected to the payment of a wharfage duty, was held to give an action of trover against the captain so landing them. Buller, J. in illustrating the subject says: "If one man who is intrusted with the goods of another puts them into the hands of a third person, contrary to orders, it is a conversion. If a person take my horse to

ride and leave him at an inn, that is a conversion ; for though I may have the horse, on sending for him and paying for the keeping of him, yet it brings charges on me." So here, upon the finding of the jury, the plaintiff, to regain possession of his machine, was wrongfully put to the expense of getting other wheels. (*And see Murray* v. *Burling,* 10 *John.* 172 ; *and Farrar* v. *Chauffetete,* 5 *Denio,* 527.) The case was carefully submitted to the jury under the charge that the plaintiff could only recover in case he was entitled to the wheels, and that they were necessary to its use, and the defendant, by artifice, got the machine with the wheels into his possession and then prevented the plaintiff from taking the machine with the wheels. The charge was as favorable to the defendant as he could ask. It was, in the language of Lord Abinger, C. B. in *Fouldes* v. *Willoughby,* (*supra,*) "exercising over the property (machine and wheels) a right inconsistent with and adverse to the rights which the plaintiff had in it," the absence of which, in the case cited, led to the decision in that case.

The judgment should be affirmed.

BACON, J. concurred.

MULLIN, J. dissented.

Judgment affirmed.

[ONONDAGA GENERAL TERM, December 22, 1863. *Allen, Mullin, Morgan* and *Bacon,* Justices.]