## City Court.

*Trial Term—June,* 1885.

### JOSEPH BYRNE *against* ROBERT CROOKS et al.

Ordinarily, possession of property obtained by means of legal proceedings, and by due course of law, does not render the person so possessing themselves wrongdoers in any sense which makes them guilty of conversion, either in taking or maintaining the possession which the law has given them.

Proceedings in claim and delivery against a bailee generally conclude the bailor, by reason of the privity existing between them.

*James M. Lyddy,* for plaintiff.

*John L. Hill,* for defendant.

McAdam, Ch. J.—The action is for conversion, and the complaint alleges that the defendants wrongfully took and carried away 58 boxes of tin, from the possession, custody and care of James M. Lyddy, and wrongfully and

unlawfully thereafter converted the same to their own use. Lyddy was at the time the general assignee of Joseph Byrne & Co. He was subsequently discharged from his trust, and, by order of the court, made a re-assignment of the firm's assets to the plaintiff, who brings this action, claiming $449.50 damages.

The question presented is whether there was a conversion by the defendants, and its determination depends upon the following facts : Crooks & Co., the defendants, were the vendors of the tin, and shipped it from Liverpool to said firm of Joseph H. Byrne & Co., of New York, per steamship *Lady Francis* of the Shamrock line. The vendees accepted a draft for the purchase price, which has not been paid. The tin, upon its arrival, was placed by the vendees on storage at the German American Storage Warehouse. The goods arrived in New York about June 10, 1881, and on June 21, 1881, the vendors undertook their right of stopping the goods *in transitu*, in consequence of having learned that the vendees had made a general assignment for the benefit of creditors. In the assertion of this right the vendors were unsuccessful, and on July 12, 1881, they commenced an action of claim and delivery in the supreme court, in which the German American Storage Co., as the custodian of the property, was made a party defendant. The action was founded on the allegation that the property in question belonged to Crooks & Co. (the defendants herein), plaintiffs therein; that although sold to Byrne & Co., it had never been formally delivered to them ; that Byrne & Co. had failed and made a general assignment for the benefit of creditors, and that the plaintiffs in said action had elected to avail themselves of the privilege of stopping the goods *in transitu*. The papers in that action were served upon the German American Storage Company, and, there being no exceptions to the sureties, and no counter-bond, the property claimed was delivered over to the plaintiffs in that action (the defendants in this). The action was in disaffir-

mance of the sale, for its purpose was to reclaim the property. By force of this legal proceeding, the plaintiffs therein (defendants here) became possessed of the property in question.

Ordinarily, possession obtained by means of legal proceedings and by due course of law, does not constitute an illegal act, nor does it render the persons so possessing themselves wrongdoers in any sense which makes them guilty of conversion, either in taking or maintaining the possession which the law has given them. But the plaintiff herein contends that as neither he nor his assignee were parties to such proceedings, they are not bound thereby, and that possession obtained under such circumstances does not preclude them from asserting their rights and title in an independent action for conversion.

If Byrne & Co., or Lyddy, their assignee, had possession of the property, it was by virtue of the fact that the German American Storage Company held possession for them, as their bailees. Bailees, like pledgees, may maintain any action against a wrongdoer in respect to the property in their charge, and recovery by either bars an action by the other (*Freeman on Judgm.* § 166 ; *Story on Bailm.* § 94 ; Green v. Clarke, 12 *N. Y.* 343 ; Bowen v. Fenner, 40 *Barb.* 383 ; Marsden v. Cornell, 62 *N. Y.* 221, 222). Replevin, being a possessory action, in the nature of proceeding *in rem*, it may be maintained by the true owner of property against a bailee or pledgee holding possession thereof for another. In such an action, ample provision has been made for the bailor or pledgor to intervene, and present his claim (see *Code*, § 170*s*) ; and where a person, not a party to the action, has an interest in the subject thereof, or in real property, the title to which may in any manner be affected by the judgment, and makes application to the court to made a party, it must direct him to be brought in by the proper amendment (*Code*, § 452).

The German American Storage Company was not a stranger to the plaintiff herein, nor to Mr. Lyddy. It was

Byrne *v.* Crooks.

their agent in respect to the property claimed, and it owed them the duty of notifying them of the proceedings taken to recover the property. If it failed to perform that duty, it must account for its neglect to the plaintiff for whatever consequences it has caused. But such neglect cannot make the defendants herein wrongdoers, in taking legal measures to reclaim their property. The term parties, in the legal sense of the term as applied to to litigations, is not restricted to those who are parties upon the record, but extends to all who have a direct interest in the result of the suit,—a right to make defense or control the proceedings (Burr *v.* Bigler, 16 *Abb. Pr.* 177), as well as to those who might have come in as a party (O'Brien *v.* Heeney, 2 *Edw.* 242).

It does not appear what has become of the action brought by Crooks & Co. against the German American Storage Co., whether it is still pending or how it terminated, if tried. If it has already terminated in favor of the Storage Company, or should ultimately terminate in its favor, the property taken will be returned to it, if return thereof can be had, or, if such return be impossible, the value of the property may be recovered and the plaintiff may in that way eventually find an ample remedy for his grievance through its bailee and agent. But, whatever the condition of that action may be, or however it has or may terminate, I think the present action is not maintainable on the evidence.

For these reasons, and without considering the other evidence offered, the complaint will be dismissed, with costs.

### When Trespass will not lie.

*City Court, Trial Term, March,* 1887, ELLEN CORNELL *v.* THOMAS FELL, Surviving Partner, &c.

McADAM, Ch. J.—The property was taken from the plaintiff under proceedings of claim and delivery thereof, instituted in the Seventh District court. They were taken by a city marshal in the

performance of his official duties, so that the taking was an act of the law for which trespass will not lie (see Hall *v.* Waterbury, 5 *Abb. N. C.* 374, and cases cited). The requisition was never set aside, so that the principle declared in Kerr *v.* Mount (28 *N. Y.* 659) has no application.

The defendant in that action (plaintiff here) had a right to counter-bond, but did not exercise the privilege, and consequently must be held to have elected to rely upon the result of that action and the security of the undertaking, furnished by the plaintiff preliminary to the issuing of the requisition. The action in the district court was tried, but the justice, having allowed the statutory time to go by, failed to decide the controversy, and the action in consequence abated. This was the fault of the court, and not the act of the party, and does not make the original taking under lawful process tortious. The action having abated, the remedy of the defendant (plaintiff here), was by action on the undertaking given by the plaintiff, which, among other things, provided that, if the action abates or is discontinued, the property is to be returned to the defendant (plaintiff here). The failure to return the property is the breach for which the sureties are liable. The case of Evarts *v.* Kiehl (102 *N. Y.* 296), was an action against a justice for not deciding an action for claim and delivery, in consequence of which the sureties of the plaintiff were obliged to pay the defendant in the action the value of a truck taken in said replevin proceedings and not returned after the action had abated by the justice's failure to decide.

The court of appeals decided that the justice was not liable.

The present action for trespass is misconceived and not maintainable, and the complaint therein must be dismissed, with costs.

## Judgment for Conversion, if paid, changes Title to the Property converted.

If in trover for conversion the owner has judgment for the value of the goods, which is paid, and the goods remain in the possession of the defendant, the title in the property is changed and the wrongdoer becomes the owner (Marsden *v.* Cornell, 62 *N. Y.* 220).