### COROTINSKY v. COOPER.

(Supreme Court, Appellate Term. January 30, 1899.)

1. CONVERSION.

    The removal of constitutent parts of a machine by a bailee, and their application to other uses, constitutes a conversion of the entire property.

2. SAME—DEMAND.

    Where bailee removed constituent parts of a machine left with him, thus exercising an unlawful dominion over it, a demand is not a condition precedent to an action to recover as for conversion.

Appeal from municipal court, borough of Manhattan, Fifth district.

Action by Ephraim Corotinsky against Michael Cooper. There was a judgment for plaintiff, and defendant appeals. Affirmed.

Argued before BEEKMAN, P. J., and GILDERSLEEVE and GIE-GERICH, JJ.

Samuel I. Frankenstein, for appellant.

John Bogard, for respondent.

PER CURIAM. This action was brought for the conversion of a buttonhole machine, which had been rented by the plaintiff to the defendant. The ground relied upon in support of the claim is that the machine was in bad order, owing to the manner in which it had been used by the defendant, and that certain of its constituent parts had been removed, and attached by the defendant to another machine, that either belonged to him or was in his use at the time. It is well settled that such an act constitutes a conversion of the whole property. Bowen v. Fenner, 40 Barb. 383. As it constitutes evidence in itself of an unlawful assumption of dominion over the property, no demand is necessary as a condition precedent to the maintenance of an action therefor. It is true that the evidence was not at all as satisfactory as could be desired, but we cannot say that there was not sufficient upon which to rest a verdict for the plaintiff, and, the jury having found in his favor, their action in that regard should not be disturbed on appeal. We also think there was sufficient competent evidence of value before the jury to support the assessment of damage which they made. The judgment must be affirmed.

Judgment affirmed, with costs.