JOHN S. BARRY, RESPONDENT, v. J. FRANK CALDER AND GOUVERNEUR OGDEN, APPELLANTS, IMPLEADED, ETC.

*Action of trover to recover a certificate of stock — the refusal of a defendant to deliver it is not excused by an inability to do so, created by his own wrongful act — section 1721 of the Code of Civil Procedure only applies to actions of replevin.*

The complaint in this action alleged that Helen Markham, owner of fifty snares of Lake Shore and Michigan Southern Railroad Company stock, having the certificate of the same in her possession, delivered it to three of the defendants, comprising the firm of Ogden, Calder & Co., who have since wrongfully detained, and still wrongfully detain the same; that afterwards she assigned all her right in said stock, and all claims for damages arising therefrom to the plaintiff, who thereafter demanded the certificate of Ogden, Calder & Co., who refused to deliver it; it also alleged that after the delivery of the certificate to Ogden, Calder & Co., it came into the possession of the other defendants, who converted it to their own use.

*Held,* that a claim made by Ogden, Calder & Co., that these latter allegations as to the conversion of the certificate showed that Ogden, Calder & Co. could not comply with the demand for the certificate made on them by the plaintiff, and that, therefore, their refusal to do so gave rise to no cause of action, could not be maintained.

That whether the conversion of the certificate by the other defendants would be an excuse to Ogden, Calder & Co. for not returning it, depended upon matters to be proved on the trial; that if they wrongfully put themselves in such a condition that they could not deliver the certificate, their wrongful act would not excuse their refusal to deliver.

Section 1721 of the Code of Civil Procedure, requiring that if the action is founded upon the wrongful detention of a chattel, the complaint must state the facts showing such detention, does not apply to this action, as that section only applied to the old action of replevin, while this was an action of trover.

APPEAL from an order made at the Rensselaer Special Term, denying a motion to vacate an order of arrest against three of the defendants.

*G. B. Wellington,* for the appellants.

*O. S. McChesney,* for the respondent.

LEARNED, P. J..

This is an appeal from an order denying a motion to vacate an order of arrest against Calder, Ogden and Ogden three of the

defendants. The motion was made and the appeal is argued on one ground only, viz. : That the complaint does not set forth a sufficient cause of action. (See Code, section 558 as now amended, and section 549, subdivision 2 as now amended.) The action is to recover damages for the wrongful detention or conversion of personal property. Section 1721 is cited to show what must be stated in the complaint. But it is to be noticed that that section is contained in article 1, title 2, chapter 14, which treats of "an action to recover a chattel;" that is; the old action of replevin; and the complaint referred to is a complaint in such an action. Now the present action is not one of replevin. It is, to use the familiar word, an action of trover. Replevin could not be had, because defendants have been arrested. (Sec. 1714.) Section 1721, therefore, is not important in considering the present question. We have now simply the question, does the complaint set forth a sufficient cause of action against these three defendants ?

The complaint alleges that Helen Markham, owner of fifty shares of Lake Shore and Michigan Southern Railroad Company, having the certificate for the same in her possession, delivered the same to Ogden, Calder & Co. (these three defendants) who have since wrongfully detained and still wrongfully detain the same. That afterwards she assigned her right in said stock and all claims for damages to plaintiff. That thereafter plaintiff demanded said certificate of Ogden, Calder & Co., and they refused to deliver it. These statements make out a sufficient statement of a cause of action for detention of personal property. There are, however, other allegations in the complaint which, it is claimed, destroy the effect of those above stated. It is averred that after the delivery of the certificate to these defendants, that certificate came into the possession of other defendants, viz., Work, Strong, Wood and Sturgis (Work, Strong & Co.); that they converted it to their use before Helen Markham assigned her rights to plaintiff. Therefore, these defendants say that they could not comply with the demand for the certificate made on them by plaintiff, and hence their refusal gave no cause of action. (*Bowman* v. *Eaton*, 24 Barb., 532; *Hawkins* v. *Hoffman*, 6 Hill, 586.) Now it must be noticed that we are not discussing the matter of proof or of evidence on the trial. We are only looking at the pleadings. Whether the conversion of

the certificate by Work, Strong & Co. will be an excuse to these three defendants for their not returning the certificate, when demanded, may depend upon matters to be proved on the trial. If these three defendants wrongfully put themselves in such a condition that they could not deliver the certificate on demand, then their wrongful act will be no excuse for their refusal to deliver. If they rightfully put their certificate out of their possession so that they are not to blame for the alleged act of Work, Strong & Co. then they will probably succeed on the trial. These are results which will depend on the proof. Let us suppose that the allegation in regard to the possession by Work, Strong & Co., and the conversion by them had not been contained in the complaint, but set up in the answer, what defense would these facts have been? Helen Markham puts her property into the hands of these these three defendants, her assignee demands it, and they reply some one else has it. That is what every embezzler might say when called on to return property entrusted to him. We think the complaint states a cause of action.

Order affirmed, with ten dollars costs and printing disbursements.

LANDON, J., concurred, INGALLS, J., not acting.

Order affirmed, with ten dollars and printing disbursements.