THE ELECTRIC POWER COMPANY, Respondent, *v.* THE METROPOLITAN TELEPHONE AND TELEGRAPH COMPANY, Appellant.

*Removal of the wires of an electric power company — justification therefor — conversion thereof — evidence of damage — liability of an employer for the acts of his employees.*

If a corporation is engaged in the business of maintaining lines of electric wires over which it furnishes power to customers for the movement of machinery for which it charges and receives certain rentals or compensation, although such business is carried on without authority, no excuse is afforded thereby for the destruction of its property, and conceding that a telephone and telegraph company has the right to remove the wires of another company from certain

fixtures, yet by thereafter carrying such wires away, it makes itself liable for their conversion.

If it can be found that a person is responsible for the cutting and carrying away of the wires of a corporation, it is not proper for the trial court to refuse to accept the only evidence in regard to the value thereof offered or that could be offered, although unsatisfactory, simply because by reason of the illegal acts of third persons, more satisfactory proof is impossible of attainment.

In an action brought to recover damages from an employer for the wrongful acts of his employee, the motive of the servant is immaterial, and even the fact that the employer gave proper instructions and that the act was in violation of such instructions, does not shelter the employer.

Where it is shown that, by the directions of a telegraph and telephone company, certain wires belonging to an electric power company have been cut from fixtures on housetops and removed therefrom without notice to the owner thereof, and without offering the electric power company a reasonable opportunity of collecting together and reclaiming such property, and in addition that such wires were removed by the employees and servants of the telegraph and telephone corporation, it is an act so closely and intimately connected with and related to their employment that it is but just that the employer should be held liable therefor.

APPEAL by the defendant, The Metropolitan Telephone and Telegraph Company, from a judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the city and county of New York on the 20th day of March, 1893, upon the verdict of a jury rendered after a trial at the New York Circuit, and also from an order made on the 15th day of March, 1893, and entered in said clerk's office, denying the defendant's motion for a new trial made upon the minutes.

*Burton N. Harrison*, for the appellant.

*Roger Foster*, for the respondent.

O'BRIEN, J.:

In his charge to the jury the learned trial judge clearly stated the facts and defined the issues. As therein said: "On or before April, 1891, it appears from the proofs that the plaintiff corporation was engaged in the maintenance of lines of electric wires, over which it furnished power to customers for the movement of machinery, for which the plaintiff charged and received certain rentals or compensation. The corporation was organized under a general act of the Legislature of the State of New York. * * * That, being in the enjoyment of this business, some time in March and the first part of April, 1891, the defendant corporation, whose

business is indicated, perhaps, by its title, the Metropolitan Telegraph and Telephone Company, by its agents and servants, committed what, in legal parlance, may be called a trespass upon the property of the defendant, in that, by its agents and servants, during the last part of the month of March and the first part of the month of April, the defendant cut and carried away certain wires of the plaintiff, thereby appropriating its property in the wires and causing it damage for the recovery of which this action is brought."

It was alleged in the complaint, and made to appear on the trial, that the plaintiff had wires attached to fixtures belonging to itself, and also upon fixtures belonging to the defendant. With respect to the latter, there was a dispute as to whether permission had ever been granted to plaintiff to so attach its wires. The plaintiff, however, insisting that it had a lease or at least a license, sought to make the defendant responsible for the damage which it claimed was done to its business, in addition to compelling it to pay for the injury resulting from the cutting of the wires and the carrying away and converting of the same by defendant.

As the damages which it was held the plaintiff could recover were limited solely to such as it could show resulted from the conversion of the wire belonging to it, we may eliminate the other questions from our consideration, leaving it to be determined whether the judgment in this case is right which awarded to the plaintiff damages for the taking of such wire cut and removed from housetops, some from fixtures owned by defendant and some from plaintiff's own fixtures.

Apart from the questions of their having cut and removed the wire and the damages resulting therefrom, the defendant claims that there were certain insurmountable obstacles in the way of any recovery in this case, growing out of the want of authority in the plaintiff to conduct the business which it was carrying on in this city, and for other reasons which will be noticed. It is insisted that, as the defendant had lawful authority to carry on its business, and as the plaintiff had no authority to carry on the business shown to have been done by it with the electrical conductors here in question, therefore, the defendant was justified in cutting and removing such wires, without being liable to plaintiff in damages.

To this, we think, there are two answers.

The plaintiff was in possession of the fixtures with its wires, conducting a business from which it received a revenue, and though this were done without authority it would afford no excuse for the destruction of its property by the defendant. And, second, conceding that the defendant had the right to remove plaintiff's wires from the fixtures, by thereafter carrying those wires away it made itself liable.

We think that similar reasons apply to the argument based upon the failure of the board of electrical control to give permission to do the business in the way in which it was being conducted by plaintiff. And while it may be true that defendant would not be responsible for any injuries resulting to plaintiff from the former's attempt to comply with the requirements of the notice of the board of electrical control directing the removal of plaintiff's wires from defendant's fixtures, this would not entitle the defendant upon removing such wires to carry away and convert the same. These considerations might be pertinent if damages had been allowed for the fact of the cutting, or for the injury resulting therefrom to plaintiff's business. But where, as here, the recovery was limited to such damages as were shown to have resulted from the appropriation of plaintiff's property, we fail to see how these can be made available as a defense.

Other suggestions, which we regard as equally irrelevant, are made for the purpose of shielding the defendant from liability, but these we do not deem it necessary to discuss, feeling that the validity of this judgment must be determined by a consideration of the merits of the controversy as finally submitted to the jury.

There was proof tending to show that all the wire which the defendant cut and took away was of the value of $2,296. Of this amount $900 was claimed to have been wire cut from plaintiff's own fixtures, and to replace which required the expenditure of $100 to linemen and workmen. If we add to this the interest upon the value of the property taken between the date of conversion and the trial, it will be found that these aggregate amounts exceed the sum awarded by the jury, and, therefore, there can be no claim of excessive damages. The real questions, however, are those which were clearly presented to the jury by the trial judge, as to whether any wire belonging to plaintiff was appropriated and carried away

by the servants of the defendant corporation ; and if so, how much, and what was its value.   In addition, we have the more serious question, whether the defendant is liable for the acts of the persons who after the cutting removed the wire.

Upon all these questions, except as to the defendant's responsibility for the acts of those who carried away the wire, the proof as presented furnishes the answer.   Though from our examination we think it is reasonably free from doubt that the same persons who cut the wire were engaged in removing and did remove most if not all of it, there is not the same certainty with respect to the amount of wire so removed, nor entirely satisfactory evidence as to the value thereof.   From the very nature of the acts charged, however, it was difficult, after the wire was removed, to describe its condition and determine with accuracy the exact amount taken, or, in view of the extent of its use, its true value when cut and removed.   But we do not think, if it can be found that the defendant is responsible, that it is necessary for the court to refuse to accept the only evidence offered, or that could be offered, though unsatisfactory, and to accord it no weight simply because, by reason of the illegal acts of third persons, more satisfactory proof is impossible.

Upon the question of damages, or in regard to the evidence offered in support thereof, we see no valid reason for disturbing the verdict of the jury, to whom all the circumstances connected with the cutting and removal were presented, and who had all the light that could be furnished them in determining the amount.

The one question, however, which we do not regard as entirely clear is as to the liability of the defendant for the acts of its employees in removing the plaintiff's wire after it had been cut.   As stated, we think the jury were justified in concluding that it was removed by the same persons who cut it, and also that such persons were the employees of the defendant.   Assuming, therefore, that the defendant had the right, either under the directions of the board of electrical control or independently thereof, to remove the wires from its fixtures, for the reason that they were upon such fixtures without its authority and contrary to law, and were both a public nuisance and a special nuisance to defendant, is the defendant liable for the further acts of its servants in converting the plaintiff's property ?

It is insisted that such torts were not within the scope of their

employment by defendant, and that defendant cannot be held liable for them. Undoubtedly authorities can be found both in England and in this country to uphold this contention, but it is not our purpose to examine them at length, thinking as we do that there has been upon this branch of the law a gradual tendency to increase the liability of the master for the acts of the employee, and of a principal for acts of an agent, done not only within the scope of his employment, but also within the scope of the business with which he is intrusted. And this is well summarized in a note in 24 Abbott's New Cases, page 183, wherein it is said: " A few years ago it was almost universally held in this country that an act of the employee, the motive of which appeared to be his own malice, did not render the employer liable, even though done within the scope of the employment; but all the authorities which sanction that rule are now deemed, in so far, overruled, and in respect to the question of the right of action the motive of the servant is now immaterial, and even the fact that the employer gave proper instruction, and that the act was in direct violation of those instructions, does not shelter the employer. The only question is, where the line is to be drawn between acts so related to the employment that it is just to hold the employer liable, and acts so disconnected from it that the employee alone should be liable."

And, upon the question of principal and agent, the extent to which the courts will go in protecting third persons from such agent's acts is stated in the case of *Fifth Avenue Bank* v. *Forty-second Street & Grand Street Ferry R. R. Co.* (137 N. Y. 231).

We think, therefore, that where it has been shown that by the directions of the defendant the wire belonging to the plaintiff was cut from fixtures on the housetops and removed therefrom, without notice to plaintiff, and without affording it a reasonable opportunity of collecting together and reclaiming such property, and where, in addition, it was shown that such wire was removed by the employees and servants of the defendant, it was an act so closely and intimately connected with and related to their employment that it is but just that the employer in this instance should be held liable.

We have examined the exceptions to rulings upon the evidence and upon the requests to charge, but do not think that these require any special mention.

FIRST DEPARTMENT, JANUARY TERM, 1894.          [Vol. 75.

Upon the entire case we think the judgment is just and right, and that it should be affirmed, with costs and disbursements.

VAN BRUNT, P. J., and FOLLETT, J., concurred.

Judgment affirmed, with costs and disbursements.