(20 Misc. Rep. 4.)

### GLEASON v. MORRISON et al.

(City Court of New York, General Term. March 3, 1897.)

1. CONVERSION—SUFFICIENCY OF ALLEGATION.
    The allegation that "plaintiff was entitled to the immediate possession of a certain steam pump, his property, theretofore by him let for hire to the defendants," is such an allegation that the term of hiring had ended as to support an action for the conversion of the pump.

2. BAILMENT—HIRING—CESSATION OF TERM.
    The hiring of a chattel, without specification as to time, ceases on demand of the owner for the chattel.

Appeal from trial term.

Action by Robert W. Gleason against Cornelius Morrison and Seymour G. Smith for conversion of a pump. From a judgment entered on a verdict in favor of plaintiff, and from an order denying a motion for a new trial, defendants appeal. Affirmed.

Argued before VAN WYCK, C. J., and SCHUCHMAN and O'DWYER, JJ.

Justus W. Smith, for appellant Morrison.
Michael J. Kelly, for appellant Smith.
Charles F. Wells, for respondent.

O'DWYER, J. This being an action for a conversion of personal property, section 1721 of the Code of Civil Procedure does not apply. Barry v. Calder, 48 Hun, 449, 1 N. Y. Supp. 586.

The allegation that "plaintiff was entitled to the immediate possession of a certain steam pump, his property, theretofore by him let for hire to the defendants," was a sufficient allegation that the term of hiring had ended, and the court properly denied the motion to dismiss the complaint, made at the opening of the case.

The judgment rolls in the supreme court actions (Exhibits A and B) were properly admitted in evidence. They established the terms

of the lease of the pump to defendants, and in this class of bailments the term ceased upon plaintiff's demand for his pump, and conversion began upon the pump's retention after such demand. A loan of a chattel for hire, without specification as to time, is a bare license, which may be recalled at any time. Edw. Bailm. § 133. The bailee, refusing to restore on demand, is liable for conversion. Id. § 152. The supreme court judgment was a complete bar to any attempt to revive the questions of ownership of the chattel by plaintiff, and its delivery to and use by defendants, under a contract for hire. The record could not be excluded if it proved any material fact in support of plaintiff's case. Carleton v. Lombard, Ayres & Co., 149 N. Y. 152, 43 N. E. 422.

The property being under the control of the defendants, and possession demanded, noncompliance with the demand that plaintiff be put in possession is prima facie evidence of conversion; and defendant's denials of a demand, and refusal to return, created a conflict of evidence, which was properly left to the jury for determination.

The judgment and order appealed from should be affirmed, with costs. All concur.