ELECTRIC POWER CO. v. MAYOR, ETC., OF CITY OF NEW YORK et al.

(Supreme Court, Appellate Division, Second Department. January 17, 1899.)

1. CONVERSION—REMOVAL OF ELECTRIC WIRES.

Though the erection of wires on house tops, the householders consenting, be illegal, the city is liable for conversion where, without offering the owner a reasonable opportunity for reclaiming them, it cuts down the wires and carries them away.

2. SAME—DAMAGES.

It is no defense that the value of the wire could not be accurately determined where the evidence tended to show the wire to be worth a certain sum per foot.

Appeal from special term.

Action by the Electric Power Company against the mayor, aldermen, and commonalty of the city of New York and others. There was a judgment for defendants, and plaintiff appeals. Transferred from First to Second department. Reversed.

Argued before GOODRICH, P. J., and CULLEN, BARTLETT, HATCH, and WOODWARD, JJ.

Roger Foster, for appellant.

Theodore Connoly (Terence Farley, on the brief), for respondents.

GOODRICH, P. J. The action on the amended pleadings is brought, among other things, to recover the value of certain fixtures and wires belonging to the plaintiff, which were alleged to have been converted by

the defendants. The court at special term dismissed the complaint, and from the judgment entered thereon the plaintiff appeals. In the view which we take of this case no extended statement of the facts is necessary, and we refer only to those facts upon which our opinion is to be predicated. The plaintiff was organized as a corporation prior to 1888. In that year the board of electrical control of the city of New York passed a resolution by which the company was "authorized and empowered to lay, erect, and construct suitable wires or other conductors, with the necessary poles, pipes, or other fixtures, in, on, over, and under, streets, avenues, and public parks and places of the city of New York, for conducting and distributing electricity, * * * subject to all existing rules applicable thereto, and to all regulations of the privilege hereby conferred which this board may hereafter impose by resolution or otherwise: provided, always, and this consent is given upon this express condition, and not otherwise, that until the further order or resolution of this board the electrical conductors of the said company shall be laid, erected, or constructed, and the privileges above granted shall be exercised, only in and through subways constructed by the Consolidated Telegraph and Electrical Subway Company, under and in pursuance of the provisions of the act chapter 716 of the Laws of 1887, under and in pursuance of the supervision of this board, to be leased to said company by the Consolidated Telegraph and Electrical Subway Company." Under this authority the plaintiff erected wires in different parts of the city, some on housetops, and across city streets, from house to house, and others on poles in the streets. It appeared that the wires on the housetops were erected with the consent of the owners thereof. In November, 1891, the defendant Gilroy, commissioner of public works, at the direction of the other defendants, cut down more than 20,000 feet of the wire belonging to the plaintiff from the housetops and removed it to the corporation yard. There was evidence tending to show that the value of the wire was about 21 cents per foot. In Electric Power Co. v. Metropolitan Telephone & Telegraph Co., 75 Hun, 68, 27 N. Y. Supp. 93, affirmed 148 N. Y. 746, 43 N. E. 986, it was held that, even if the plaintiff had illegally erected its wires on the street poles of the defendant, and the defendant had the right to remove such wires, yet by thereafter carrying away the wires it made itself liable for conversion; and that where it was shown that by direction of the defendant the wires had been cut from fixtures on housetops and removed by the agents of the defendant, without notice to the owner thereof, and without offering the plaintiff a reasonable opportunity for collecting together and reclaiming such property, the defendant was liable for the value of such wires. In the case at bar the learned trial justice decided that the commissioner of public works, according to law, cut down and removed to the public pound, for sale, such wires as were erected on the housetops, that it was impossible with any degree of accuracy to determine from the evidence the value of the wire taken from the streets, and "that any damage sustained by the plaintiff by reason of the wire being removed from the streets is not actionable." Under the authority cited, we think this was reversible error. We have intentionally refrained from expressing any opinion upon the other points involved, preferring to leave those questions to

be decided by the appellate division of the First department, from which the appeal was transferred to this department. For the reason stated, the judgment must be reversed and a new trial granted, with costs to abide the final award of costs. All concur.