ELECTRIC POWER COMPANY, Appellant, *v.* THE MAYOR, ALDERMEN AND COMMONALTY OF THE CITY OF NEW YORK and Others, Respondents.

*City of New York — the wires on house tops and in the streets thereof of a corporation, authorized to erect them by the board of electrical control, removed by the commissioner of public works.*

A corporation authorized in 1888 by the board of electrical control of the city of New York " to lay, erect and construct suitable wires or other conductors, with the necessary poles, pipes or other fixtures in, on, over and upon streets, avenues and public parks and places of the city of New York for conducting and distributing electricity," erected wires in different parts of the city, some on housetops, with the consent of the owners thereof, of which wires the commissioner of public works of the city, in 1891, cut down and removed more than 20,000 feet.

In an action brought by the corporation against the city of New York to recover the value of such wires, the court decided that the commissioner of public works, according to law, cut down and removed to the public pound for sale such wires as were erected on the housetops; that it was impossible, with any

degree of accuracy, to determine from the evidence the value of the wires taken from the streets, and that any damage sustained by the plaintiff by reason of the wires being removed from the streets was not actionable.

*Held,* that such decision constituted reversible error.

APPEAL by the plaintiff, the Electric Power Company, from a judgment of the Supreme Court in favor of the defendants, entered in the office of the clerk of the county of New York on the 11th day of July, 1898, upon the decision of the court rendered after a trial at the New York Special Term dismissing the plaintiff's complaint.

This appeal was transferred from the first department to the second department.

*Roger Foster,* for the appellant.

*Theodore Connoly* [*Terence Farley* with him on the brief], for the respondents.

GOODRICH, P. J.:

The action on the amended pleadings is brought, among other things, to recover the value of certain fixtures and wires belonging to the plaintiff, which were alleged to have been converted by the defendants. The court at Special Term dismissed the complaint, and from the judgment entered thereon the plaintiff appeals.

In the view which we take of this case no extended statement of the facts is necessary, and we refer only to those facts upon which our opinion is to be predicated.

The plaintiff was organized as a corporation prior to 1888. In that year the board of electrical control of the city of New York passed a resolution by which the company was "authorized and empowered to lay, erect and construct suitable wires or other conductors with the necessary poles, pipes or other fixtures in, on, over and under streets, avenues, and public parks and places of the city of New York, for conducting and distributing electricity, * * * subject to all existing rules applicable thereto, and to all regulations of the privilege hereby conferred, which this board may hereafter impose by resolution or otherwise; provided, always, and this consent is given upon this express condition, and not otherwise, that until the further order or resolution of this board the electrical conductors of the said company shall be laid, erected or constructed,

and the privileges above granted shall be exercised, only in and through subways constructed by the Consolidated Telegraph Electrical Subway Company, under and in pursuance of the provisions of the act, chap. 716 of the Laws of 1887, under and in pursuance of the supervision of this board, to be leased to said company by the Consolidated Telegraph and Electrical Subway Company."

Under this authority the plaintiff erected wires in different parts of the city, some on house tops and across city streets, from house to house, and others on poles in the streets. It appeared that the wires on the housetops were erected with the consent of the owners thereof. In November, 1891, the defendant Gilroy, commissioner of public works, at the direction of the other defendants, cut down more than 20,000 feet of the wires belonging to the plaintiff from the housetops, and removed it to the corporation yard. There was evidence tending to show that the value of the wire was about twenty-one cents per foot.

In *Electric Power Co.* v. *Metropolitan Tel. Co.* (75 Hun, 68 ; affd., 148 N. Y. 746) it was held that even if the plaintiff had illegally erected its wires on the street poles of the defendant, and the defendant had the right to remove such wires, yet by thereafter carrying away the wires it made itself liable for conversion ; and that where it was shown that by direction of the defendant the wires had been cut from fixtures on housetops and removed by the agents of the defendant, without notice to the owner thereof and without offering the plaintiff *a reasonable opportunity* for collecting together and reclaiming such property, the defendant was liable for the value of such wires.

In the case at bar the learned trial justice decided that the commissioner of public works, according to law, cut down and removed to the public pound, for sale, such wires as were erected on the housetops ; that it was impossible, with any degree of accuracy, to determine from the evidence the value of the wire taken from the streets, and that any damage sustained by the plaintiff by reason of the wire being removed from the streets is not actionable.

Under the authority cited, we think this was reversible error.

We have intentionally refrained from expressing any opinion upon the other points involved, preferring to leave those questions

to be decided by the Appellate Division of the first department, from which the appeal was transferred to this department.

For the reason stated the judgment must be reversed and a new trial granted, with costs to abide the final award of costs.

All concurred.

Judgment reversed and new trial granted, costs to abide the final award of costs.