ROBERTINA W. PIERPOINT, as Executrix of HARRY G. PIERPOINT, Deceased, Appellant, v. JAMES M. HOYT et al., Doing Business under the Firm Name of PRINCE & WHITELY, Respondents.

(Argued May 9, 1932; decided July 19, 1932.)

*Joseph C. Slaughter* and *Arthur B. Hyman* for appellant. Upon the refusal of the defendants to return to the plaintiff, on his demand, the certificates of stock belonging to him, a conversion of the stock resulted at the plaintiff's election entitling him to the full market value of the stock represented by such certificates. (*McCoy* v. *American Express Co.*, 253 N. Y. 477; *Casey* v. *Kastel*, 237 N. Y. 305; *Pease* v. *Smith*, 61 N. Y. 477; *Mahaney* v. *Walsh*, 16 App. Div. 601; *Bristol* v. *Burt*, 7 Johns. 254; *Lockwood* v. *United States Steel Corp.*, 209 N. Y. 375; *Simpson* v. *Jersey City Contracting Co.*, 165 N. Y. 193; *General Motors Corp.* v. *Ver Linden*, 199 App. Div. 375; *Ayres* v. *French*, 41 Conn. 151; *Payne* v. *Elliott*, 54 Cal. 349; *London, Paris & American Bank* v. *Aronstein*, 117 Fed. Rep. 601; *Merritt* v. *American Steel Barge Co.*, 79 Fed. Rep. 228; *Thayer* v. *Manley*, 73 N. Y. 305; *Hughes* v. *Vermont Copper Mining Co.*, 72 N. Y. 207; *Matter of Eckert* v. *Truman*, 163 App. Div. 17; *Kelly* v. *42nd Street R. R. Co.*, 37 App. Div. 500; *Rheinhart* v. *Roby Co.*, 179 N. Y. Supp. 781; *Herbert* v. *Simpson*, 222 Mass. 480; *Mason* v. *Pendergast*, 120 N. Y. 536; *Roberts* v. *Ely*, 113 N. Y. 128.)

*Stewart Maurice, William S. Siemon* and *Margaret O'Connor* for respondents. The Appellate Division prop-

erly reversed the judgment of the trial court, as there was no conversion of the plaintiff's stock. (*Richardson* v. *Shaw*, 209 U. S. 365; *Zander* v. *New York Security & Trust Co.*, 178 N. Y. 208; *Casey* v. *Kastel*, 237 N. Y. 305; *Daggett* v. *Davis*, 53 Mich. 35; *Cummins* v. *Peoples Bldg. L. & S. Assn.*, 61 Neb. 728; *Davidson* v. *Atmar*, 243 S. W. Rep. 662; *Pardee* v. *Nelson*, 59 Utah, 497; *Shewalter* v. *Wood*, 183 S. W. Rep. 1127; *Wagner* v. *Marple*, 10 Tex. Civ. App. 505.) Damages cannot be recovered for the conversion of non-negotiable documents. (*Anderson* v. *Nicholas*, 28 N. Y. 600; *Blumenthal* v. *Levy*, 82 App. Div. 536; *Hollehan* v. *Roughan*, 62 Wis. 64; *Tiffany* v. *Lord*, 65 N. Y. 310; *Fleischmann* v. *Samuel*, 18 App. Div. 97; *Jessup* v. *Chicago & N. W. Ry. Co.*, 188 Fed. Rep. 931; *Thayer* v. *Manley*, 73 N. Y. 305.)

CROUCH, J. In March, 1930, defendants acquired in good faith certain certificates of stock each bearing an indorsement purporting to be that of Harry G. Pierpoint. The certificates had been issued to Pierpoint and stood in his name on the corporate books. They had been stolen from Pierpoint's safe in November, 1929. The indorsements were forged. Upon learning that the certificates were in defendants' possession, Pierpoint gave notice of his ownership and demanded a return. The demand was refused without qualification. Three months later this action in conversion was begun to recover' as damages the value of the stock. The certificates were still in the possession of defendants. It has been held that the recovery must be limited to damages by way of expense incurred, profits lost or otherwise, flowing from the wrongful withholding of the certificates as distinguished from a conversion of the stock itself. The reason assigned is that the owner has not lost title to the stock, but merely his evidence of title.

It is, of course, true, as a legal concept, that a stock certificate is but an evidence of title to the property

right which its owner has in the corporate stock. Important practical results may flow from a distinction between the two things. Nevertheless, "certificates of stock are treated by business men as property for all practical purposes." (*Lockwood* v. *United States Steel Corp.,* 209 N. Y. 375, 382.) And the courts long since came to treat a willful and wrongful taking and disposal of stock certificates as a conversion of the property itself. (*Anderson* v. *Nicholas,* 28 N. Y. 600; *McAllister* v. *Kuhn,* 96 U. S. 87; *Barry* v. *Calder,* 48 Hun, 449; *Mahaney* v. *Walsh,* 16 App. Div. 601; *Miller* v. *Miles,* 58 App. Div. 103; *Condouris* v. *Imperial Turkish, etc., Co.,* 3 Misc. Rep, 66; *Ayres* v. *French,* 41 Conn. 142, 151.)

That the certificates in all those cases bore the actual indorsement of the apparent owners is beside the point. Indorsement facilitated disposal. It did not change the essential nature of the certificates. Wrongful acts affecting property rights in corporate stock can ordinarily be committed only through the medium of the certificates which evidence those rights. For the purpose of redressing such wrongs, the law must and does treat the symbol as though it were the thing symbolized. A conversion of a certificate of stock, whether indorsed or not, is, therefore, a conversion of the stock itself.

It is elementary that the law of conversion is concerned with possession, not with title. (*McCoy* v. *American Express Co.,* 253 N. Y. 477, 482.) The right to possession, broadly speaking, may be infringed by a wrongful taking, as *e. g.,* in *Electric Power Co.* v. *Metropolitan Tel. & Tel. Co.* (75 Hun, 68; affd., 148 N. Y. 746); or by a wrongful detention, as *e. g.,* in *Lewis* v. *Ocean Navigation & Pier Co.* (125 N. Y. 341); or by a wrongful disposal, as *e. g.,* in *Boyce* v. *Brockway* (31 N. Y. 490).

Either act as against one entitled to immediate possession constitutes conversion. " The natural meaning of converting property to one's own use has long been left behind. It came to be seen that the actual diversion of

the benefit arising from use and possession was only one aspect of the wrong, and not a constant one. It did not matter to the plaintiff whether it was the defendant, or a third person taking delivery from the defendant, who used his goods, or whether they were used at all; the essence of the injury was that the use and possession were dealt with in a manner adverse to the plaintiff and inconsistent with his right of dominion." (Pollock on Torts [13th ed.], p. 372.) Statements to the same effect are found in many cases. (Cf. *Bristol* v. *Burt*, per KENT, Ch. J., 7 Johns. 254, 258; *Salt Springs Nat. Bank* v. *Wheeler*, 48 N. Y. 492, 495; *Ball* v. *Liney*, 48 N. Y. 6, 12; *Debobes* v. *Butterly*, 210 App. Div. 50, 54.)

Pierpoint, the original plaintiff here, was concededly the owner (cf. *Knox* v. *Eden Musee American Co.*, 148 N. Y. 441, 456), and entitled to the right of possession of the stock and the certificates representing it. Defendants, after notice and demand for a delivery of the certificates, refused without qualification to comply. That ordinarily is conclusive evidence of conversion. (*McEntee* v. *New Jersey Steamboat Co.*, 45 N. Y. 34.) In contemplation of law, Pierpoint was totally deprived of his property. (Cf. *Bowen* v. *Fenner*, 40 Barb. 383.) While other remedies were open to him, he was not bound to pursue them; he could, as he did, " abandon [the stock] from the moment of its conversion, and sue for its value." (*People* v. *Bank of North America*, 75 N. Y. 547, 564.) Satisfaction of the judgment ordinarily transfers title in the property to the defendant. If, to effectuate the transfer, some affirmative act by plaintiff is necessary, the court is not without power to provide for it in the judgment or otherwise to compel it. (Cf. Pers. Prop. Law, Cons. Laws, ch. 41, § 170; *Reinhard* v. *Roby Co.*, 110 Misc. Rep. 152; affd., 193 App. Div. 926.)

The judgment of the Appellate Division should be reversed and that of the Trial Term affirmed, with costs in the Appellate Division and in this court.

LEHMAN, J. (dissenting). A certificate of stock belonging to the plaintiff's testator was stolen. The certificate was not indorsed by the owner. The defendants came into possession of the certificate, bearing a forged indorsement. Though in good faith they gave a valuable consideration for the certificate they acquired no title to it. They wrongfully refused the owner's demand for its return and thus deprived the owner of his property in the certificate. They converted the certificate but the question remains: What is the value of that property?

A certificate of stock is the tangible evidence of stock ownership. Business men deal in stock certificates because transfer of title to the stock certificate results in the transfer of the owner's property in the stock as well as in the certificate. Then a distinction between a certificate of stock and the stock represented by it carries no practical consequences. In truth the stock certificate is not merely evidence of stock ownership but when properly indorsed it constitutes authority for the transfer of the stock, and thus enables the holder to acquire record title to the stock itself. Thus the conversion of a stock certificate, if transferable by delivery or indorsed by the owner, may result in depriving the owner of property in the stock as well as in the certificate. In such case the owner is entitled to recover the value of the stock. That was the situation in the cases cited in Judge CROUCH's opinion.

Here the situation is different. The certificate was not indorsed and the true owner gave notice to the corporation that the stock certificate was stolen. Concededly until the trial the owner of the certificate was still the record owner of the stock and entitled to all the benefit which flows from such ownership. No wrongful refusal to return the stock certificate could deprive him of that property. That could pass from him only by voluntary transfer. If the owner had lost the stock certificate or if it had been destroyed by fire, his damage

would certainly not be the value of the stock, for he would still retain all his rights as a stockholder and his full property in the stock. So here, even after the defendants converted the certificate, the owner still claimed and enjoyed his property in the stock and took affirmative action to prevent that property from passing, actually or apparently, to another. The plaintiff is entitled to any damages suffered by the testator by reason of the fact that he was deprived of *possession* of the certificate, but since *possession* of the certificate without title does not carry with it any beneficial rights in the stock itself, he has never been deprived of property in the stock and its value may not be included in such damages.

The judgment of the Appellate Division should be affirmed.

POUND, Ch. J., CRANE, KELLOGG, O'BRIEN and HUBBS, JJ., concur with CROUCH, J.; LEHMAN, J., dissents in opinion.

Judgment accordingly.