THE PEOPLE OF THE STATE OF NEW YORK, Respondent, *v.* GRANT O. BEALE, Appellant.*

Fourth Department, November 10, 1933.

---

*Grant O. Beale,* appellant in person.

*Charles B. Brasser,* for the respondent.

TAYLOR, J. Taking into consideration not only the written receipt given by defendant when he borrowed the bonds but all the evidence in the case, particularly that of Mrs. Wyckle, we are led to the conclusion that the transaction involved was not a sale of the bonds to defendant with an option to him to return the bonds within a reasonable time instead of paying their " face value." The transaction was clearly a bailment accompanied by an option in defendant to change the transaction into a sale by paying face value for the bonds prior to or at the time of a demand for their return to the owner. After repeated demands, defendant neither returned the bonds nor paid for them but turned their possession over to a third party. The result is that there was never anything but a bailment; that defendant feloniously appropriated the bonds to his own use (Penal Law, § 1290, subd. 2) when he failed to respond to the first demand for their return and that a larceny was then committed. (*People* v. *Barry,* 132 App. Div. 231; affd., 196 N. Y. 507; *Hamilton* v. *Billington,* 163 Penn. St. 76; *Pierpoint* v. *Hoyt,* 260 N. Y. 26, 30; *McEntee* v. *New Jersey Steamboat Co.,* 45 id. 34; *People* v. *Morse,* 99 id. 662; *Matter of McFarland,* 59 Hun, 304.)

The opinions in *Andrews* v. *Richmond* (34 Hun, 20) and *Norton* v. *Woodruff* (2 N. Y. 153) have not escaped our attention and we have endeavored to keep in mind the distinguishing features of bailments and sales as defined by our common law and the text writers. And under the particular factual situation stated at the outset in this opinion — a situation which the jury was well warranted in finding — neither on principle nor under precedent do we feel constrained to disturb the conclusion of the jury that this was a bailment and that defendant was guilty of felonious appropriation under our statute.

The payment by Mrs. Wyckle to defendant of $508 for the bonds when they were sold and delivered to her substantially fixes their value at more than $500. The fact that Mrs. Wyckle did not pay cash in full to defendant does not alter this situation for the reason that deferred payment of any balance was a matter of agreement between the parties.

The judgment of conviction should be affirmed.

All concur. Present — SEARS, P. J., TAYLOR, THOMPSON, CROSBY and LEWIS, JJ.

Judgment of conviction affirmed.