Ajax Craftsman, Inc., Appellant, v. Charles N. Whinston and Others, Respondents.— The complaint alleges two causes of action: First, that plaintiff purchased the stock of defendant Charlton Estate, Inc., owned by Charles N. Whinston and Selig Whinston, at a sale thereof by a marshal of the city of New York pursuant to a levy under a judgment against defendants Charles N. Whinston and Selig Whinston, and that plaintiff received a bill of sale thereof; that after the sale the marshal refused to deliver to plaintiff physical possession of the certificates of said stock and delivered the same to defendants Charlotte Whinston and Annette Guren, who claimed ownership by reason of an indorsement to them appearing on said certificates, which transfer, plaintiff claims, was without consideration and fraudulent. A second cause of action alleges that the sum of $2,400, property of defendant Charlton Estate, Inc., was fraudulently withdrawn by defendants Whinston from the corporate funds and deposited in the name of defendant Charlotte Whinston for the purpose of depriving plaintiff of the benefit of ownership of said stock; that thereafter the said sum of $2,400 was withdrawn from the account in the name of Charlotte Whinston in the National City Bank and deposited in the Bowery Savings Bank in an account entitled " Charles N. Whinston, in trust for Charlotte Whinston," for the purpose of concealing said funds. Plaintiff asks that proper certificates be issued to it by the defendant corporation, evidencing its ownership of said stock, and that the defendants be enjoined from interfering with the funds of the corporate defendant. The supplemental complaint alleges a conspiracy to divert the assets of the defendant corporation by reason of a fraudulent judgment obtained against it by defendant Samuel A. Weinstein as plaintiff, in amount $10,428.05, which plaintiff asks to have declared void. Defendants moved, under rule 112 of the Rules of Civil Practice, to dismiss the complaint and supplemental complaint, on the ground that they do not state facts sufficient to constitute causes of action, claiming that there was no valid levy or sale of the stock certificates under execution, because there

had been no prior attachment of the same. The motion was granted, and from the order and judgment entered thereon this appeal was taken. Order and judgment reversed on the law, with ten dollars costs and disbursements, and motion denied, with ten dollars costs. There was no authority for a warrant of attachment in this case. In our opinion, certificates of stock are personal property subject to levy by virtue of an execution under the provisions of section 679 of the Civil Practice Act and section 174 of the Personal Property Law. Therefore, when the marshal sold the certificates to the plaintiff and gave him a bill of sale therefor, after a levy under the execution upon plaintiff's judgment, he became the owner of the interest of the judgment debtors in said certificates and the stock represented thereby. (*Pierpoint* v. *Hoyt*, 260 N. Y. 26; *Agar* v. *Orda*, 264 id. 248.) Lazansky, P. J., Young, Hagarty, Carswell and Tompkins, JJ., concur.