Amerelay, Inc., Appellant, *v.* Directomat, Inc., Respondent.

First Department, March 24, 1959.

*Ephraim London* of counsel (*H. Kenneth Haller* and *Helen L. Buttenwieser* with him on the brief; *Beer, Richards, Lane, Haller & Buttenwieser,* attorneys), for appellant.

*Samuel Pivar* (*Michael F. Parrino* with him on the brief), for respondent.

*Per Curiam.* Plaintiff, suing on two causes of action, the first for conversion of shares of stock allegedly worth $37,500, and the second for breach of contract seeking damages of $27,895.65, commenced its lawsuit by the attachment of funds in the New York bank account of defendant, a foreign corporation. In its affidavits plaintiff has made a sufficient prima facie showing of the existence of two causes of action, each for a sum of money only, to sustain an attachment (Civ. Prac. Act, §§ 902, 903). In moving to vacate the warrant of attachment, defendant argues that plaintiff cannot succeed on the cause of action for conversion because it would effectuate a transfer of title to the securities in question, the sale of which is prohibited by Securities and Exchange Commission regulations.

Defendant has fallen far short of demonstrating on this motion that plaintiff must ultimately fail (*Bard-Parker Co.* v. *Dictograph Prods. Co.,* 258 App. Div. 638). On the record before us, the defendant has not succeeded in establishing that a judgment for plaintiff in the conversion action would be the equivalent of a stock sale of a nature proscribed by the Federal Securities and Exchange Act and Securities and Exchange Commission regulations, compelling a holding that any monetary recovery by the plaintiff for misappropriation of its stock would necessarily be barred.

If for any reason the sufficiency of the cause of action for conversion could not be sustained, the cause of action for breach of contract would remain, so the attachment could not in any event be vacated in its entirety. Whether it be sufficient or insufficient, provable or unprovable, it remains a cause of action to recover a sum of money only. Even if plaintiff were mistaken in its choice of remedy, a cause of action for conversion challenged for legal sufficiency cannot, despite objections, be transmuted into a cause of action for replevin. A plaintiff is not bound to pursue all remedies open to him (*Pierpoint* v. *Hoyt*, 260 N. Y. 26, 30). He has the right to risk being wrong. If he does not choose to seek available equitable remedies, they cannot be forced upon him. The order appealed from should be reversed, on the law, with costs to appellant, and the motion to vacate the warrant of attachment denied.

BOTEIN, P. J., BREITEL, RABIN, VALENTE and McNALLY, JJ., concur.

Order unanimously reversed, on the law, with $20 costs and disbursements to the appellant, and the motion to vacate the warrant of attachment denied, with $10 costs.