Louis I. Kaplan, J.
The complaint alleges a cause of action in conversion. The facts are not disputed. However, it is the application of law to those facts which is in contention.
In sum and substance, the complaint alleges that on or about January 24, 1963, the defendant, in order to induce the plaintiff to make a $50,000 loan to O. Ludwig Baumann & Co. Inc., and in consideration of the plaintiff’s rendering financial assistance to the said corporation and its president, the defendant did on the same date pledge, assign and transfer to the plaintiff 46 shares of common stock of A. T. & T. as collateral security for the repayment of the loan. The loan was evidenced by five promissory notes, each in the sum of $10,000, and was executed by one David T. Schoolman as president of the corporation and personally indorsed by him. Thereafter, in 1964 the said common stock of A. T. & T. was split two shares for each one. Although the papers on this motion do not disclose the fact, the plaintiff had neglected to notify A. T. & T. of the pledge of stock involved in this case. As a result of the stock split an additional 46 shares of common stock were issued by A. T. & T. to the defendant, although at that time the plaintiff continued and still continues to hold the original 46 shares of common stock pledged and assigned to it as security for the repayment of the loan. The plaintiff alleges that by virtue of the pledge and assignment, it was entitled to receive and hold as security for the loan, the additional 46 shares which were issued and delivered to the defendant as a result of the stock split. Plaintiff duly demanded that the defendant turn over the possession of the additional shares of stock to the plaintiff but the defendant refused and still refuses to do so. *717 Plaintiff alleges that the defendant unlawfully and wrongfully detained and converted the said shares to her own use, and that in 1964 when plaintiff became entitled to possession of the additional shares of stock, they had a market value of approximately $3,200. Plaintiff seeks to recover that sum which it claims as damages sustained as a result of the foregoing recital.
The defendant claims that the complaint fails to state a cause of action. However, with the exception of two objections raised against the complaint, which will be discussed hereinafter, the other objections are such that they really are not objections, but merely seek information which may be sought through a demand for a bill of particulars. Some of these items are whether the pledge of the stock was made orally or in writing; the terms and conditions of the promissory notes; the lack of an allegation as to whether plaintiff notified A. T. & T. of the pledge of the original stock; or that any part of the debt upon which the debt is based was due and outstanding at the time of the stock split; or that the plaintiff was in possession of and retaining the original shares of stock by virtue of any agreement, written or oral.
The defendant raises an objection to the complaint in that it fails to state whether the pledge agreement had contemplated the pledging of the additional shares in the event of a stock split. Further objection to the complaint is made by the defendant who claims that plaintiff is relegated to sue only for the delivery of the stock delivered as a result of the stock split.
As pledgee of the stock, the plaintiff was entitled to receive and hold forthwith as security for the indebtedness, the 46 shares of said A. T. & T. which were issued pursuant to a two for one stock split declared in 1964 (M. Lowenstein & Sons v. Weinbaum, 23 A D 2d 831). The same rule applies to a ease in which the stock was received as a stock dividend or to a cash dividend (Commercial Nat. Bank v. National Sur. Co., 259 N. Y. 181; Brightson v. Claflin, 225 N. Y. 469, 475). Conversion is concerned with possession, not with title (McCoy v. American Express Co., 253 N. Y. 477, 482). Defendant’s refusal, without qualification, to deliver and turn over the additional 46 shares of stock to which the plaintiff has a right of possession as pledgee, after notice and demand, constitutes a conversion, and the plaintiff could sue for the value of such stock (Pierpoint v. Hoyt, 260 N. Y. 26).
In view of the foregoing, the court finds that the complaint states a cause of action in conversion against the defendant. Accordingly, the defendant’s motion to dismiss the complaint is denied.